## Smith v. Lyon

*W. David Marcello,* for plaintiff.
*Lee G. Nolla,* for defendant.

BROWN, *P.J.,* And now, April 2, 1982, it is hereby ordered that defendant's preliminary objection as to the court's jurisdiction be granted and plaintiff's complaint be dismissed. The within order is being entered for the following reason:

42 Pa.C.S.A. § 5322(b) states that the jurisdiction of the tribunals of the Commonwealth "may be based upon the most minimum contact with this Commonwealth allowed under the Constitution of the United States." The minimum contacts requirement for in personam jurisdiction is not met merely by defendant's entry into Pennsylvania in order to exercise visitation with his children. The contract in dispute was formed on July 26, 1973 in New York by New York residents and was intended to be completed in New York. Defendant had no control over his ex-wife's move into Pennsylvania, and therefore, by exercising visitation, he is not "purposefully avail[ing himself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253 (1958). See

also Kenny v. Alexson Equipment Company, _____ Pa. _____, 432 A. 2d 974 (1981). To hold otherwise would force defendant to choose between seeing his children and thereby subjecting himself to the jurisdiction of Pennsylvania courts or not seeing them, thus avoiding Pennsylvania jurisdiction.